IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-356-BO

| BRENDA WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ALTEC INDUSTRIES, INC., | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 13]. Plaintiff has responded in opposition, and in the present posture, the Motion is ripe for adjudication. For the reasons set forth below, the Motion is hereby GRANTED. Summary Judgment shall be entered in favor of the Defendant and this case shall be closed.

## I. BACKGROUND

Plaintiff Brenda L. Williams ("Williams") instituted this action against Defendant Altec Industries, Inc. ("Altec") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2. In addition to her statutory claims, Williams also alleges a claim for negligent infliction of emotional distress. Williams alleges that she was discriminated against by Altec on the basis of her race and sex with respect to her employment status and her pay. She also alleges that she was sexually harassed by co-workers at Altec's Creedmoor facility and

that she was illegally discharged from her employment because of her race.

On April 1, 2011, Altec filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. The parties have briefed the Motion, and in this posture, the Motion is ripe for adjudication.

## II. DISCUSSION

### A. Legal Standards

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making a summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at

322-23.

### 1. **<u>Plaintiff's EPA Claim</u>**

Williams alleges, inter alia, that Altec discriminated against her on the basis of her sex with respect to her pay rate. She seeks relief pursuant to the EPA. Under the EPA,

> [n]o employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

The Defendant is entitled to summary judgment on Plaintiff's EPA claim. Plaintiff has failed to bring forth any evidence tending to show that her pay was in any way tied inappropriately to her gender. *Strag v. Bd. of Trustees, Craven Community College*, 55 F.3d 943, 950-51 (4th Cir. 1995). The record shows that Williams was brought on as a "temporary" employee and required to stay in that status for a longer-than-normal period primarily because she had previously been discharged by Altec for poor attendance. The record shows that Williams' suspension in the fall of 2006 resulted from her attendance problems, her lack of focus on her own job duties, her failure to comply with safety requirements, and her parking tickets. Williams fails to offer any evidence tending to show that

3

her pay differential was based on her sex, and Altec has more than met its burden of producing evidence that provides a rational, non-discriminatory explanation for the Plaintiff's salary while she was employed by Altec.

### 2. Plaintiff's Title VII Discrimination Claims

Plaintiff also asserts claims for Altec's allegedly discriminatory practices regarding pay as well as claims for discriminatory practices regarding the terms and conditions of Plaintiff's employment. Plaintiff seeks relief for these claims under Title VII.

42 U.S.C. § 2000e-2(a) states, in pertinent part:

> "It shall be an unlawful employment practice for an employer (1) . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ."

42 U.S.C. § 2000e-2(a). The "burden shifting" approach articulated in *McDonnell Douglass Corp v. Green*, 411 U.S. 792 (1973) and its progeny applies to Plaintiff's Title VII claims. Under this approach, courts employ a three-step analysis. First, the plaintiff must make out a *prima facie* case that she was subjected to an adverse employment action because of her membership in a legally protected group. Second, if the plaintiff meets her burden, the employer must articulate a legitimate, non-discriminatory reason for the action taken. And third, if the employer meets its burden at step two, the employee must prove by a preponderance of the

4

evidence that the employer's stated reason is not worthy of credence. *See McDonnell Douglas*, 411 U.S. at 802. Although the employer has the burden to articulate a legitimate non-discriminatory reason for the action taken, the burden of proof remains with the plaintiff at all times. *Id.*

Here, even assuming that a *prima facie* case of discrimination has been established at step one, Williams offers no rebuttal whatsoever to Altec's legitimate, non-discriminatory reasons for Williams' extended "temporary" pay period, for the delay in Williams' October 2006 pay increase, for the unavailability of overtime shifts, and, ultimately, for Williams' termination on May 6, 2008. Indeed, the record shows that legitimate, non-discriminatory motives guided Altec's employment actions throughout Plaintiff's period of employment. First, Plaintiff was required to work on an extended "temporary" basis because she had previously been fired by Altec. Declaration of Tony Accettullo at ¶¶ 3-5. Plaintiff's pay increase was temporarily withheld because of four undisputed performance issues. Declaration of Lawrence Williams at ¶ 6. Plaintiff's overtime opportunities were limited because overtime work at Altec's Creedmoor facility is assigned by cell, based on a legitimate system of seniority. Declaration of Lawrence Williams at ¶¶ 9-13. Finally, the undisputed record evidence shows that Plaintiff was terminated after accumulating the requisite number of attendance "points" on May 6, 2008. Declaration of Tony

5

Accettullo at ¶¶ 17-18. Plaintiff offers no evidence at all to counter these legitimate non-discriminatory explanations for Altec's conduct regarding the pay, termination, and other terms and conditions of Plaintiff's employment. Thus, even assuming that Plaintiff can get past the first stage of the *McDonnell Douglas* analysis, the second stage bars her claims entirely. Defendant is entitled to summary judgment on Plaintiff's Title VII claims regarding discrimination in pay, discriminatory discharge, as well as discrimination in the terms and conditions of Plaintiff's employment.

### 3. **Plaintiff's Hostile Work Environment Claim**

Plaintiff asserts a hostile work environment claim under Title VII. In support of this claim, Plaintiff alleges that she was "subject to daily sexually demeaning statements and a hostile work environment" (Compl. ¶ 29.) Specifically, Plaintiff alleges that on or about March 28, 2008, while retrieving some tools from another area in the Altec facility, she was "assaulted, pushed, by Justin Woyhee, Lead Man" [sic](Compl. ¶ 31.) Plaintiff alleges that she "reported the incident immediately" to her supervisors but that she was placed on a "two day suspension while Mr. Woyhee was not" (Compl. ¶ 32.) Plaintiff claims that she sought to be moved from Woyhee's area, but that her requests were denied. Finally, she generally alleges that throughout her term of employment, she "was subject to sexually demeaning comments from her male counterparts

6

which went undisciplined by Defendant. . ." (Compl. ¶ 37.)

Sexual harassment that creates a hostile or abusive atmosphere in the workplace may give rise to a claim of sex discrimination under Title VII. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66 (1986). To prove a hostile work environment claim under Title VII, the plaintiff must show (1) that the conduct in question was unwelcome, (2) that the harassment was based on sex, (3) that the harassment was sufficiently pervasive or severe to create an abusive working environment, and (4) that some basis exists for imputing liability to the employer. *Swentek v. USAIR, Inc.*, 830 F.2d 552, 557(4th Cir. 1987). To determine whether the alleged harassment was sufficiently severe or pervasive, the fact finder must examine the evidence both from an objective perspective and from the point of view of the victim. *See Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 620 (6th Cir. 1986), *cert. denied*, 481 U.S. 1041 (1987). If the alleged conduct is not "extreme," then the court should grant summary judgment to the employer.

In this case, Williams either does not martial any evidence to support her hostile work environment allegations, or, for those allegations that are substantiated, the underlying conduct itself does not rise to the "severe or pervasive" level required for liability to attach. Moreover, there is no evidence which supports an imputation of liability from the Plaintiff's co-workers to the Defendant in this case.

With respect to the incident involving Justin Woyhee, there is no evidence whatsoever that the altercation between Plaintiff and Woyhee constituted harassment "based on sex." As Plaintiff herself admits, Woyhee merely "pushed [her] out of the way . . . so that he could get by." Deposition of Brenda Lee Williams, Vol. I at 226. The Court finds that this incident is not the type of conduct actionable under a hostile work environment claim, and, in any event, the evidence does not establish that the conduct was "severe or pervasive" enough to warrant liability.

The other allegations pertaining to Plaintiff's hostile work environment claim relate to Plaintiff's co-worker's sexual banter (which Williams admits she never reported to management) and allegations of two sexually-suggestive sign alterations that occurred in April of 2008. Since none of the parties involved in these incidents were members of Altec's management, Altec cannot be liable unless it knew or should have known that the incidents occurred, and failed to take action to stop it. *Spicer v. Com. of Va. Dept. of Corrections*, 66 F.3d 705, 710 (4th Cir. 1995). Moreover, employers are not liable for "[s]imple teasing, sporadic use of abusive language, offhand comments, jokes related to protected status, and isolated incidents (unless extremely serious)." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

In this case, Williams admits that she never reported the

"stimulus check" comment that she complains of now to a member of Altec management. Although she did report the alleged sign alterations to Tony Accettullo, the Human Resources Manager at the Altec facility where Plaintiff worked, Plaintiff admits that the signs were already down before the end of the same shift in which she first saw them. Thus, Accettullo's testimony that he could find no evidence to substantiate Plaintiff's untimely allegations is undisputed. On the evidence before the Court, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim. There is simply no evidence that the Plaintiff endured "pervasive" or "severe" harassment based on her sex which ought to be imputed to the Defendant.

### 4. Plaintiff's Negligent Infliction of Emotional Distress Claim

Plaintiff alleges a claim for negligent infliction of emotional distress ("NIED"). "When the plaintiff's complaint alleges acts of discrimination that are intentional in nature, and simply concludes that the acts were committed negligently, [the complaint] is insufficient to state a claim for negligent infliction of emotional distress." *Sasser v. City of Whiteville*, 2010 WL 4809039 at *3 (E.D.N.C. Nov. 18, 2010) quoting *Barbier v. Durham Cnty. Bd. of Educ.*, 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002) (citations omitted). "[I]f there is no underlying 'negligence,' there is no claim for NEED." *Sasser* 2010 WL 4890939 at *3 (citing *Bratcher v. Pharm Prod. Dev.*, Inc., 545 F. Supp. 2d 533, 545; *Best*

9

v. *Duke Univ.*, 337 N.C. 742, 752 (1994)). Because all of her other claims fail for the reasons discussed above, Plaintiff's NIED claim also fails. Moreover, because Plaintiff's allegations all sound in intentional as opposed to negligent conduct, no NIED claim will lie as a matter of law

### 5. Plaintiff's Retaliation Claim

In an abundance of caution, Defendant has briefed a response to Plaintiff's deposition testimony concerning a claim of retaliation. No claim for retaliation, however, is alleged in Plaintiff's Complaint or anywhere else in the pleadings. Because a retaliation claim does not appear in the pleadings, the Court will not adjudicate any such claim in the present case.

### III. CONCLUSION

For the reasons set forth above, the Court finds that no genuine dispute as to any material fact exists in this case and that Defendant is entitled to judgment on all of Plaintiff's claims as a matter of law. Defendant's Motion for Summary Judgment is, therefore, **GRANTED**. The Clerk is hereby **DIRECTED** to enter judgment in favor of the Defendant and to thereafter close this case.

**IT IS SO ORDERED**, this the 3 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE